UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONTE BUCKMIRE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 24-CV-12110-AK |
| WAYFAIR, INC., COLBY GRENIER and THERESE BARTOLINI, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND**

**ANGEL KELLEY, D.J.**

Plaintiff Donte Buckmire filed the instant suit on May 10, 2024 in Massachusetts Superior Court. Defendants removed the case to federal court on August 16, 2024, and filed their Answer on September 23, 2024. [Dkts. 1, 11]. Fact discovery commenced and after an extension, was due to finish no later than June 30, 2025. [Dkt. 16]. That deadline was extended for the limited purpose of completing the deposition of Meredith Habgood, among others, as she was on maternity leave. [Dkt. 21]. During Ms. Habgood's deposition, it became clear that information regarding time-to-promotion had been removed from talking points at the direction of her supervisor, Farrell Ross, and the data that served as the basis for that talking point was no longer accessible. Based on that information, the Plaintiff requested and the Court allowed the deposition of Ms. Ross. [Dkt. 27]. Important to the Court's analysis, although the talking points had been provided to the Plaintiff during discovery, in May 2025, Plaintiff was unaware until Ms. Habgood's deposition that the information had been removed at Ms. Ross's direction and

1

that the data was no longer accessible. For the following reasons, Plaintiff's Motion to Amend [Dkt. 31] is **GRANTED IN PART** and **DENIED IN PART**.

I.  **ADDING A DEFENDANT**

First turning to the addition of Ms. Ross as a defendant, Plaintiff's Motion to Amend is **DENIED**. As an initial matter, Defendants are correct that District of Massachusetts Local Rule 15.1(b) requires that "[a] party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule." L.R., D. Mass. 15.1(b). Plaintiff failed to do so here; however, more important to the Court's analysis is Plaintiff's failure to identify Ms. Ross in his complaint filed with the Massachusetts Commission Against Discrimination ("MCAD").

"A party seeking to bring a discrimination claim under c. 151B must first file a charge of discrimination with the MCAD. 'The failure to name a party in a charge filed with the MCAD may preclude the plaintiff from later maintaining a Chapter 151B claim in court against that party.' However, Chapter 151B claims against a defendant not named in the MCAD charge will be sustained if the complaint alleges that 1) the individual had notice of the charge against it and 2) an opportunity to conciliate before the MCAD, even if his conduct fell within the scope of the MCAD investigation." Caulfield v. Hum. Res. Div. of Commonwealth of Mass., No. 15-CV-10091-PBS, 2015 WL 5190716, at *4 (D. Mass. Sept. 4, 2015) (quoting Chatman v. Gentle Dental Ctr. of Waltham, 973 F. Supp. 228, 233 (D. Mass. 1997)); see also Aung v. Ctr. for Health Info., 14-CV-14402-PBS, at 8 (D. Mass. Nov. 30, 2016) (Report and Recommendation

adopted on December 22, 2016); Preston v. Second Wind, Inc., 824 F. Supp. 2d 247, 251-52 (D. Mass. 2011).  As in Chatman, "the complaint here does not allege that the individual defendant[] had notice of the MCAD Charge and an opportunity to conciliate it and [] notice and an opportunity to conciliate cannot be reasonably inferred from allegations in the complaint" because the Complaint is silent on the subject. 973 F. Supp. at 236.  Though through her position Ms. Ross was likely aware of the MCAD complaint and may have provided information for the administrative proceeding, there is no indication that Ms. Ross had notice that Plaintiff intended to name her as a defendant in an eventual civil suit and Plaintiff never moved to amend his complaint with the MCAD. Singleton v. Sinclair Broad. Grp., Inc., 660 F. Supp. 2d 136, 147 (D. Mass. 2009).  Ms. Ross had no opportunity to settle any potential claims against her and avoid the expense of defending against a civil suit. Id.  As a result, the Motion to Amend, as to Ms. Ross, must be **DENIED**.

**II.    ADDING A CLAIM**

Conversely, as to Plaintiff's request to add a claim for disparate impact discrimination, his Motion to Amend is **ALLOWED**.  Good cause exists to allow the amendment and although late, the request is not the result of a lack of diligence.  As stated above, although the talking points were provided in discovery in May 2025, the delay of Ms. Habgood's deposition, through no fault of the Plaintiff, prevented the Plaintiff from learning how and from where the data was collected and why the talking point was removed.  Plaintiff was also unaware that the talking points hyperlinked to the underlying data, yet Defendants no longer have access to that data.  Additionally, Plaintiff was never made aware of the data's existence, including during the initial internal investigation.  After learning this additional information, Plaintiff moved with the requisite haste to conduct Ms. Ross's deposition and file the instant Motion to Amend.

3

This Court disagrees that the Defendants would be unduly prejudiced by the amendment and does not see why "Defendants will effectively have to begin discovery anew." [Dkt. 33 at 15]. Although Defendants foresee a parade of horribles, including "whole new swaths of discovery requests" [Id.], "Plaintiff only seeks limited and abbreviated additional discovery on his amended claim," which he expects to resolve within 30 days of the Court's Order. [Dkt. 32 at 14]. As this claim arises from the same facts and circumstances as the original claims, the Court has no reason to believe Plaintiff's expectations are misguided—in any event, the Court is unlikely to allow extended discovery. Finally, based on the provided facts, the Court finds that the addition of the claim is not futile. Thus, Plaintiff's Motion to Amend, as to the addition of the disparate impact claim, is **ALLOWED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend [Dkt. 31] is **GRANTED IN PART** and **DENIED IN PART**. As stated in the Court's January 9, 2026 Order [Dkt. 35], the parties are **ORDERED** to consult and submit an agreed-upon schedule to complete additional discovery and file dispositive motions, no later than **seven (7) calendar days** from the issuance of this Order.

**SO ORDERED.**

Dated: January 20, 2026                     /s/ Angel Kelley
                                            Hon. Angel Kelley
                                            United States District Judge

4